T.C. Summary Opinion 2006-20

UNITED STATES TAX COURT

PATRICIA D. ARIAS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4976-05S.                    Filed February 7, 2006.

Patricia D. Arias, pro se.

Kelly M. Davidson, for respondent.

DEAN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code as in effect for the year at issue. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined for 2002 a deficiency in petitioner's Federal income tax of $4,783.

The issue for decision is whether $30,000 received by petitioner constitutes alimony or separate maintenance payments includable in gross income for 2002.

The stipulated facts and exhibits received in evidence are incorporated herein by reference. At the time the petition was filed, petitioner resided in Flagstaff, Arizona.

## Background

A Consent Decree of Dissolution of Marriage (With Children) (decree) was filed on April 30, 2001, in the Superior Court of the State of Arizona, dissolving the marriage of petitioner and Arnold S. Arias (Arias). The decree ordered Arias to pay child support of $1,000 a month and spousal maintenance of $2,500 a month, both to be paid by wage assignment through the "Support Clearinghouse" (Clearinghouse). The decree provides that spousal maintenance will terminate automatically upon petitioner's death. Petitioner and Arias have not resided in the same household since 2000.

During 2002, petitioner received directly from Arias 24 payments of $1,750 by check for a total of $42,000. Child support payments represented $12,000 of the total and is not at issue here. Arias made the payments directly to petitioner; he did not use a wage assignment through the Clearinghouse, and

Clearinghouse records reflect no payments. Each check to petitioner, however, bore a notation that it was for spousal maintenance and child support.

Petitioner failed to report any amount as income from alimony or separate maintenance on her Federal tax return for 2002.

## Discussion

As the issue for decision in this case is a question of law, section 7491(a) does not apply. Petitioner argues that under Arizona State law $30,000 of the payments that she received from Arias constitutes a "gift" to her and is not taxable. Respondent contends that the $30,000 paid by Arias constitutes income to petitioner as alimony or separate maintenance.

For purposes of Federal income tax, under section 71(a), "Gross income includes amounts received as alimony or separate maintenance payments." Section 71(b)(1) defines the term "alimony or separate maintenance payment" as any payment in cash if:

(A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

(B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

(C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is

made, and

        (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

The payments at issue, totaling $30,000 for the year 2002, meet the specifications of section 71(a) and (b)(1).

Petitioner, however, relies on two State statutes for her position that the contested payments she received are gifts and not income. The first of these, Ariz. Rev. Stat. Ann. sec. 46-441A (1998), established the Clearinghouse to receive, disburse and monitor support payments. Arizona Revised Statutes Annotated sec. 46-441B (1998) requires all orders of support to direct payment of support or maintenance through the Clearinghouse, unless otherwise provided. Arizona Revised Statutes Annotated sec. 46-441H (1998) provides that payments made directly to a person other than the Clearinghouse "shall not be credited against the support obligation" unless direct payments were ordered by the court or are made by agreement of the parties. It is clear that the decree in this case required Arias to make his payments through the Clearinghouse and that he did not do so.

The second statutory provision on which petitioner relies, Ariz. Rev. Stat. Ann. sec. 25-510B (2000), states that "In any proceeding under this chapter" (Chapter 5, Family Support Duties), records of payments maintained by the Clearinghouse are

prima facie evidence of payments made and disbursed and are "rebuttable only by a specific evidentiary showing to the contrary." Under this provision, when the <u>State</u> court is considering matters under Chapter 5, Family Support Duties, for State support purposes, Clearinghouse records are important pieces of evidence.[1]

The parties stipulated a copy of a document published by the Arizona Supreme Court, Administrative Office Of The Courts, Family Law Unit. At page six of the document, it states that if child support payments are not sent through the Clearinghouse, "the court may consider those payments as 'gifts'" and not as child support. For purposes of any payment dispute between petitioner and Arias that may be brought to the attention of the State court, petitioner may rely on State statutes. The parties agree that the payments at issue here, however, are not child support payments.

The question to be decided by this Court is whether petitioner's receipt from Arias of the $30,000, over and above $12,000 of child support, is income to her for Federal income tax purposes. Under the Constitution, the laws of the United States are the supreme law of the land that bind the judges in every State, notwithstanding any State law to the contrary. U.S.

---

[1]Since Clearinghouse records are rebuttable by specific contrary evidence, however, Arias's canceled checks would be specific evidence showing payment of his support obligations.

Const. art. VI, cl. 2. The decision of the Tax Court is to be made under Federal law, the Internal Revenue Code; this is not a proceeding under Chapter 5, Family Support Duties, under Arizona State law. The laws of a State cannot govern issues of Federal tax law. Commissioner v. Tower, 327 U.S. 280, 287-288 (1946); First Natl. Bank of Omaha v. United States, 681 F.2d 534, 541 n.4 (8th Cir. 1982).

It is true that section 102 excludes from gross income the value of property received as a "gift". A gift in the statutory sense, however, proceeds from a "detached and disinterested generosity", Commissioner v. Lo Bue, 351 U.S. 243, 246 (1956), out of affection, respect, admiration, charity, or like impulses. Robertson v. United States, 343 U.S. 711, 713-714 (1952). The most critical consideration is the transferor's intent. Bogardus v. Commissioner, 302 U.S. 34, 43 (1937); see Commissioner v. Duberstein, 363 U.S. 278, 285-286 (1960). Because of the acrimony between petitioner and Arias it is doubtful that the payments proceeded from "detached and disinterested generosity" out of Arias's affection, respect, admiration, charity, or like impulses. Arias testified that his intent was to pay petitioner spousal maintenance and child support. The circumstances support his testimony.

The Court finds that $30,000 of the payments received by petitioner from Arias in 2002 is includable in her gross income

as alimony or separate maintenance payments under section 71.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

for respondent.